IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI‘I

| | |
|---|---|
| BENEFICIAL LIFE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>RUSSELL MASCOTO, UNITED STATES OF AMERICA, *et al.*,<br><br>Defendants. | Case No. 26-cv-00317-DKW-KJM<br><br>**ORDER (1) GRANTING DEFENDANTS' MOTION TO DISMISS WITH PARTIAL LEAVE TO AMEND, AND (2) DISMISSING UNITED STATES WITHOUT PREJUDICE FROM THIS CASE** |

Plaintiff Beneficial Life Insurance Company (Beneficial) holds the proceeds of a life insurance policy to which it alleges there are "mutually exclusive" claims from, at least, the "Successor Trustees" of the Michael J. Miske, Jr. Revocable Living Trust (Trust) and the United States of America. As a result, in June 2026, Beneficial filed a Complaint for Interpleader, requesting, *inter alia*, that, after depositing the insurance proceeds with the Court, it be discharged from any further liability with respect to the same. Dkt. No. 1. On August 18, 2026, one of the alleged claimants to the proceeds, the "acting successor trustees" to the Trust, moved to dismiss the Complaint on the grounds of a lack of subject matter jurisdiction and/or failure to state a claim. Dkt. No. 18.

Upon review of the parties' briefing with respect to the motion to dismiss, the Court finds dismissal to be appropriate as set forth herein. First, despite being challenged to do so, Beneficial points to no waiver of the United States' sovereign immunity -- therefore, the Court lacks subject matter jurisdiction over the United States, and the United States is DISMISSED WITHOUT PREJUDICE from this action. Second, the remaining claimant, whether viewed singularly or through each of its alleged "successor trustees", is not diverse, as required for statutory interpleader, and, therefore, the Court lacks subject matter jurisdiction under 28 U.S.C. Section 1335. Third, with only one identified and remaining claimant to the insurance proceeds, Beneficial is not plausibly exposed to "double or multiple liability" as required under Federal Rule of Civil Procedure 22. As a result, the motion to dismiss, Dkt. No. 18, is GRANTED, and the Complaint is DISMISSED. While it is certainly not obvious that it should do so, the Court nonetheless grants leave to amend. Should Beneficial so choose, it may attempt to identify and name a new claimant, adverse to and diverse with the Trust, something Beneficial did not do in its opposition to the motion to dismiss.

//

//

//

## PROCEDURAL BACKGROUND

On June 24, 2026, Beneficial filed the Complaint, appearing to name the "Successor Trustees" to the Trust and the United States as Defendants. Dkt. No. 1.[1] In the Complaint, Beneficial relies solely upon diversity of citizenship as the basis for subject matter jurisdiction. *Id.* at ¶¶ 1-2. According to Beneficial, diversity exists between it and Defendants and between "Defendants themselves." *Id.* at ¶ 1. Beneficial also alleges the following facts. It issued a life insurance policy to Michael J. Miske, Jr., in the "Initial Face Amount" of $500,000. *Id.* at ¶ 3-4. In December 2024, Miske died. *Id.* at ¶ 3. Prior to his death, Miske executed a Trust document, dated August 6, 2008, and a Restatement of the Trust document, dated April 11, 2016. *Id.* at ¶¶ 6-7. In January 2025, the United States filed a Foreclosure Complaint, "seeking to forfeit and condemn property which constitutes or is derived from proceeds constituting unlawful activity." *Id.* at ¶ 8. Beneficial appears to allege that "[t]he claims [against the policy by the Trust and the United States] are mutually exclusive." *Id.* at ¶ 10.[2] As a result, Beneficial

---

[1]Although containing a "Parties" section, Dkt. No. 1 at ¶¶ 1-2, the body of the Complaint does not identify any specific party to this action. The Court derives the parties from the caption of the Complaint, which lists numerous purported "Successor Trustees" to the Trust, including Russell Mascoto and Jon Dahl—the moving parties here.

[2]The Court surmises this based on the nature of interpleader and the parties that appear in the caption. Beneficial does not actually identify or allege a claim against the policy by either the Trust or the United States. With respect to the former, although Beneficial alleges that the life insurance policy was issued to Miske and Miske created the Trust, it is not alleged that the

asserts one interpleader claim related to the "proper beneficiary" of the life insurance proceeds. *Id*. at ¶ 13.

On August 18, 2026, Russell Mascoto and Jon Dahl, as "the currently acting successor trustees" to the Trust, moved to dismiss the Complaint. Dkt. No. 18 at 2.[3] The Trust argues that (1) the United States is immune from an interpleader suit based upon sovereign immunity, (2) with the United States dismissed, the Trust is the only remaining claimant, which "defeats" interpleader under 28 U.S.C. Section 1335 and Fed.R.Civ.P. 22, (3) with the United States dismissed, there is no diversity for purposes of Section 1335, and (4) Beneficial has failed to deposit the life insurance proceeds with the Court, as the Trust contends is required under Section 1335. In the motion to dismiss, the Trust also requests that Beneficial be ordered to pay the life insurance proceeds "directly to the Trust". *Id*. at 9.

On September 21, 2026, Beneficial filed an opposition to the motion to dismiss. Dkt. No. 22. Therein, Beneficial does not mention sovereign immunity or even subject matter jurisdiction. Instead, Beneficial contends that there have

insurance proceeds were/are an asset of the Trust. As for the United States, as the Trust observes in its motion to dismiss, Dkt. No. 18 at 6-7, Beneficial does not allege that the insurance proceeds are subject to the United States' forfeiture action, as Beneficial appears to imply.

[3]Because no party raises the matter, the Court, therefore, assumes that Mascoto and Dahl have authority to bring the motion to dismiss on behalf of the Trust.

been "several inquiries regarding the insurance proceeds", and it "should not be compelled to determine the proper legal beneficiary" of the same. *Id*. at 2-3.

On September 25, 2026, the United States filed a statement of "no opposition" to the motion to dismiss, agreeing with the Trust that it had not waived sovereign immunity and that subject matter jurisdiction did not exist under Section 1335. Dkt. No. 25. The United States also requested that the Court "decline" to order payment of the life insurance proceeds to the Trust. *Id*. at 2.[4]

On September 30, 2026, the Trust filed a reply in support of the motion to dismiss. Dkt. No. 26. In addition to reiterating why dismissal is appropriate, the Trust also clarified that it was *not* asking the Court to order Beneficial to pay the life insurance proceeds to the Trust. *Id*. at 5-6. After vacating the hearing on the motion to dismiss, Dkt. No. 28, this Order now follows.

## LEGAL STANDARDS

Pursuant to Federal Rule of Civil Procedure 12(b)(1), a defendant may move for dismissal due to a lack of subject matter jurisdiction. When a defendant does so, "the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Kingman Reef Atoll Investments, LLC v. United States*, 541 F.3d 1189,

[4]Two days prior to filing this Statement, on September 23, 2026, the United States moved for an extension of time to file a response to the motion to dismiss. Dkt. No. 23. Given that the Statement was timely filed, the Court finds the motion for an extension of time, Dkt. No. 23, to be MOOT.

1197 (9th Cir. 2008) (quotation omitted). The plaintiff also has the burden of establishing the United States' "unequivocal waiver of immunity." *Holloman v. Watt*, 708 F.2d 1399, 1401 (9th Cir. 1983).

Here, the only basis for subject matter jurisdiction alleged in the Complaint is diversity jurisdiction. In its simplest terms, "diversity" refers to the difference in citizenship of parties to an action. 28 U.S.C. § 1332(a). The Ninth Circuit Court of Appeals has explained that, in the interpleader context, diversity exists as follows: "For statutory interpleader, [Section 1335], there must be diversity between the adverse claimants. For interpleader under [R]ule 22(1)…, there must be diversity between the stakeholder on one hand and the claimants on the other." *Gelfgren v. Republic Nat'l Life Ins. Co.*, 680 F.2d 79, 81 n.1 (9th Cir. 1982).

Further, in the motion to dismiss, the Trust relies, in part, on the United States' sovereign immunity. In that regard, as a sovereign, the United States is "immune from suit unless it has waived its immunity." *Balser v. Dep't of Justice, Office of U.S. Trustee*, 327 F.3d 903, 907 (9th Cir. 2003). "A court lacks subject matter jurisdiction over a claim against the United States if it has not consented to be sued on that claim." *Id*.

A plaintiff may also move to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Pursuant to *Ashcroft v. Iqbal*, to survive a

motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A court "must accept the factual allegations of the complaint as true and construe them in the light most favorable to the plaintiff." *Interpipe Contracting, Inc. v. Becerra*, 898 F.3d 879, 886-887 (9th Cir. 2018) (quotation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556).

Finally, leave to amend a complaint should be given when "justice so requires." Fed.R.Civ.P. 15(a)(2). This is true also for deficiencies in subject matter jurisdiction. *Trentacosta v. Frontier Pacific Aircraft Indus., Inc.*, 813 F.2d 1553, 1561 (9th Cir. 1987). However, justice does not require leave to amend when (1) it would prejudice an opposing party, (2) it is sought in bad faith, (3) it would produce an undue delay in litigation, (4) it would be futile, or (5) there has been repeated failure to cure a deficiency. *Abagninin v. AMVAC Chem. Corp.*,

545 F.3d 733, 742 (9th Cir. 2008); *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006).

## DISCUSSION

The Trust moves to dismiss on jurisdictional and substantive grounds. The jurisdictional analysis is relatively straightforward. Despite having a clear burden to establish subject matter jurisdiction after the Trust clearly raised the same as a basis for the motion to dismiss, Beneficial declined to do so. As explained further below, the reason for Beneficial's silence is likely self-evident.

The Court starts with the elephant in the room—the naming of the United States as a Defendant in this action. In neither the Complaint nor its opposition does Beneficial identify any waiver of the United States' sovereign immunity. Without such a waiver, this Court lacks subject matter jurisdiction over any claim, such as the interpleader claim brought here, against the United States. *See Balser*, 327 F.3d at 907; *see also Nelson v. Medi-Cal*, 2016 WL 8731386, at *2 (E.D. Cal. Nov. 4, 2016) (granting motion to dismiss after agreeing that the "federal interpleader statutes do not waive sovereign immunity."). As a result, the United States must be DISMISSED from this action. Because dismissal is on jurisdictional grounds, it is WITHOUT PREJUDICE. *See Balser*, 327 F.3d at 907; *Tijerino v. Stetson Desert Project, LLC*, 934 F.3d 968, 971 n.2 (9th Cir. 2019)

("in general, dismissal for lack of subject matter jurisdiction should be without prejudice.").

With the United States dismissed, the only remaining question is whether diversity jurisdiction exists, as alleged. For statutory interpleader, diversity must exist between the claimants. 28 U.S.C. § 1335(a)(1); *Gelfgren*, 680 F.2d at 81 n.1. Here, though, with the United States dismissed, the Trust is the only alleged claimant.[5] Therefore, there is no diversity for purposes of statutory interpleader. *See* 28 U.S.C. § 1335(a)(1) (requiring "*[t]wo* or more adverse claimants, of diverse citizenship…."). As a result, any claim under Section 1335 is DISMISSED for lack of subject matter jurisdiction.[6]

For interpleader under Rule 22(a)(1), "there must be diversity between the stakeholder on one hand and the claimants on the other." *Gelfgren*, 680 F.2d at 81

---

[5]The Court notes that, even if the United States had not been dismissed on sovereign-immunity grounds, it still would not have supplied the diversity Beneficial appears to believe it did. *See Safeco Ins. Co. of Am. v. Nelson*, 468 F. Supp. 3d 1291, 1303 (S.D. Cal. 2020) ("'the United States is not a citizen for diversity purposes' and cannot be sued under section 1332.") (quoting *Commercial Union Ins. Co. v. United States*, 999 F.2d 581, 584 (D.C. Cir. 1993)).

[6]There are numerous additional flaws with the Complaint. With respect to diversity jurisdiction, one of those flaws is that the limited allegations are woefully insufficient. For example, the Complaint does not clearly allege the citizenship of any claimant, given that, at best, it is alleged that the claimants "are citizens of the State of Hawaii and other [unidentified] jurisdictions…." Dkt. No. 1 at ¶ 1. The Complaint also fails to fully allege the citizenship of Beneficial. Instead, even being kind by including statements in the caption and the preamble of the Complaint, specifically, that Beneficial is a "Utah corporation", Dkt. No. 1 at 1, the Complaint still fails to allege Beneficial's principal place of business, as required for this analysis. *See* 28 U.S.C. § 1332(c)(1).

n.1. Here, solely for purposes of the instant analysis, the Court will assume that there is diversity between Beneficial, the stakeholder, and the Trust, the claimant because, arguably, Beneficial is a citizen of Utah and the Trust is a citizen of Hawai‘i. So, at least in this one respect, Beneficial has arguably managed to stumble across the subject-matter-jurisdiction line.[7]

The bigger problem, however, is that, even if subject matter jurisdiction is assumed, Beneficial has still failed to state a plausible claim for interpleader under Rule 22(a)(1). This is because Rule 22(a)(1) requires "[p]erson*s* with claim*s* that may expose a plaintiff to *double or multiple* liability…." (emphasis added). Here, with the dismissal of the United States, that is simply impossible, given that the Trust is the *only* remaining alleged claimant. In its opposition, Beneficial attempts to avoid this result, asserting that it has "received competing inquiries/claims" for the proceeds from the life insurance policy. Dkt. No. 22 at 3. Beneficial, though, fails to identify the alleged source of these "inquiries/claims", let alone the nature of the same. Inquiries, for example, are not claims. The Court, therefore, declines to find at this juncture that they may expose Beneficial to multiple liability, as required. *See Michelman v. Lincoln Nat'l Life Ins. Co.*, 685 F.3d 887,

[7]The Court does not read the motion to dismiss as arguing otherwise. *See* Dkt. No. 18 at 8 (arguing that *statutory* interpleader fails for lack of diversity).

895 (9th Cir. 2012) ("The adverse claim—whether actual or potential—must be at least colorable."). As a result, any claim under Rule 22(a)(1) is DISMISSED for failure to state a claim.[8][9]

The final issue is whether Beneficial is entitled to leave to amend. While it is a close-call, given that Beneficial has been aware, by way of the motion to dismiss and the United States' non-opposition to the same, of many of the deficiencies discussed herein and has not clearly identified a path forward, the Court finds that amendment would not necessarily be futile. The Court thus allows Beneficial an opportunity to amend to demonstrate why. Beneficial may have until November 27, 2026 to file an amended complaint that complies with and addresses the deficiencies identified in this Order.[10] **Failure to do so will result in dismissal of this action without further leave to amend.**

---

[8]Another omission from the Complaint is any mention of Section 1335 or Rule 22(a)(1). Thus, it is unclear whether, if at all, Beneficial brings an interpleader claim under one or both of these provisions. The Court thus addresses them both.

[9]In the motion to dismiss, the Trust also argues that dismissal is appropriate because Beneficial has failed to deposit the proceeds of the life insurance policy with the Court, as it asserts is required under Section 1335. Dkt. No. 18 at 8-9. However, as the case to which the Trust cites states, "a deposit is not a jurisdictional requirement to [R]ule 22(1) interpleader…." *Gelfgren*, 680 F.2d at 82. Here, under the circumstances of the amorphous Complaint, *see supra*, the Court defers determining whether deposit of the life insurance proceeds is required, pending Beneficial's confirmation in any amended complaint of whether it is pursuing interpleader under Section 1335, Rule 22(a)(1), or both.

[10]So it is clear, in any amended complaint Beneficial may file, it may NOT name the United States as a defendant therein for the reasons discussed above with respect to sovereign immunity. *See Daniel v. Nat'l Park Serv.*, 891 F.3d 762, 765 (9th Cir. 2018) (affirming the district court's

## CONCLUSION

To the extent set forth herein, the motion to dismiss, Dkt. No. 18, is GRANTED in part. The United States of America is DISMISSED WITHOUT PREJUDICE and WITHOUT LEAVE TO AMEND. The Complaint is DISMISSED with partial leave to amend.

IT IS SO ORDERED.

Dated: November 13, 2026 at Honolulu, Hawaiʻi.

Derrick K. Watson
Chief United States District Judge

---

Beneficial Life Insurance Company vs. Russell Mascoto, et al; Civil No. 26-00317 DKW-KJM; **ORDER (1) GRANTING DEFENDANTS' MOTION TO DISMISS WITH PARTIAL LEAVE TO AMEND, AND (2) DISMISSING UNITED STATES WITHOUT PREJUDICE FROM THIS CASE**

---

dismissal of the United States without leave to amend due to the absence of a sovereign immunity waiver).